

# OFFICE OF THE ATTORNEY GENERAL OF TEXAS
## AUSTIN

GERALD C. MANN
ATTORNEY GENERAL

Hon. Marion McGee
County Auditor
Hays County
San Marcos, Texas

Dear Sir:

Opinion No. O-2140
Re: Commissioners' court does not
have authority to issue warrants
drawn on permanent improvement
fund for improvements on a county
park.

This will acknowledge receipt of your letter of
March 26, 1940, in which you seek an opinion of this depart-
ment on the questions therein submitted. We deem it necess-
ary to here set out the pertinent parts of your letter,
which are as follows:

"Hays County has leased for ninety-nine years
a tract of land in this county of less than one
hundred acres for county park purposes. The county
does not have a fee simple title to this land. The
commissioners court has not levied or collected any
tax for the improvement of this park as authorized
by Article 6078, R.C.S. for 1925, or Section 3 of
Article 6081e; and neither has such a levy been
authorized by an election.

"Hays County now levies a sixteen cent perman-
ent improvement tax as authorized by Article 2352,
R.C.S. of 1925. The Commissioners Court of Hays
County is now contemplating the expenditure of funds
on the improvement of the park mentioned above out
of the permanent improvement fund collected in com-
pliance with Article 2352 and Section 9 of Article
8 of the Constitution. As County Auditor of Hays
County, may I legally approve warrants authorized by
the Commissioners Court to be drawn on said permanent
improvement fund in payment of improvements on said
county park?"

NO COMMUNICATION IS TO BE CONSTRUED AS A DEPARTMENTAL OPINION UNLESS APPROVED BY THE ATTORNEY GENERAL OR FIRST ASSISTANT

Hon. Marion McGee, Page 2

Article 6078, and Sections 1 and 2 of Article 6081e, of the Revised Civil Statutes of Texas are pertinent to the instant inquiry. They are:

Art. 6078. "Each commissioners court is authorized to levy and collect a tax not to exceed five cents on each $100 of assessed valuation of the county for the purchase and improvement of lands for use as county parks which shall consist of not more than one hundred acres, and shall not exceed more than four in any one county. No such tax shall be levied and collected until the proposition is submitted to and ratified by the property tax-paying voters of the county at a general or special election called for that purpose, provided, a two-thirds majority of the property taxpaying voters of such county, at an election held for such purpose shall determine in favor of said tax. If said court desires to establish two or more of such county parks they shall locate them in widely separated portions of the county. Said court shall have full power and control over any and all such parks and may levy and collect an annual tax sufficient in their judgment to properly maintain such parks and build and construct pavilions and such other buildings as they may deem necessary, lay out and open driveways and walks, pave the same or any part thereof, set out trees and shrubbery, construct ditches or lakes, and make such other improvements as they may deem proper. Such parks shall remain open for the free use of the public under such reasonable rules and regulations as said court may prescribe.

Art. 6081e. Sec. 1. "That any county or any incorporated city of this State, either independently or in cooperation with each other, or with the Texas State Parks Board, may acquire by gift or purchase or by condemnation proceedings, lands to be used for public parks and playgrounds, such lands to be situated in any locality in this State and in any sized tracts deemed suitable by the governing body of the city or county acquiring same; provided, however, that lands to be acquired by any such city or county for said purposes may be, in the discretion

Hon. Marion McGee, Page 3

of the governing body thereof, situated within
the State, either within or without the boundary
limits of such city, but within the boundary
limits of said county and within the limits of
said county wherein said city lies or is situat-
ed.

"Sec. 2. To pay for lands for park purposes,
an incorporated city and/or county may issue bonds,
and may levy a tax not exceeding Ten (10) Cents
on the One Hundred Dollars ($100) valuation of
taxable property in such city and/or county to
pay the interest and provide a sinking fund to
retire such bonds, the issuance of such bonds,
and the collection of taxes in payment thereof
to be in accordance with the provisions of Chap-
ter 1, Title 22, Revised Civil Statutes of 1925,
governing the issuance of bonds by cities, towns,
and/or counties in this State; this Section shall
be construed to authorize the levying of said
tax not exceeding Ten (10) Cents on the One Hun-
dred Dollars ($100) of valuation notwithstanding
the provisions of Article 6080 of the Revised
Civil Statutes of 1925."

We quote from Texas Jurisprudence, Vol. 11, page
509, as follows:

"The Constitution prescribes the maximum
rate of taxes for general purposes, for roads
and bridges, for juries, and for permanent im-
provements, respectively. The monies arising
from taxes levied and collected for each of the
enumerated purposes are constitutional funds;
and the commissioners' court has no power to
transfer money from one fund to another or to
expend, for one purpose, tax money raised obsten-
sibly for another purpose.

"The immediate purpose of the provision is
to limit the amount of taxes that may be raised
for these several purposes, respectively; but it
is also designed to inhibit excessive expenditures
for any such purpose, and to require that any and
all monies raised by taxation for any purpose
shall be applied to that particular purpose and
to no other."

Hon. Marion McGee, Page 4

The above quotation from Texas Jurisprudence is supported by the cases of Commissioners' Court of Henderson County vs. Burke, 262 SW 94; Ault vs. Hill County, 116 SW 359; Section 9, Article 8 of the State Constitution; and Carroll vs. Williams, 202 SW 504.

It is a well settled principle of law that a county and its commissioners' court has no powers or duties except those which are clearly set forth and defined in the Constitution and pertinent statutes. Hill County vs. Hamilton, 273 SW 292; Edwards County vs. Jennings, 33 SW 585, and cases therein cited too numerous for repetition herein.

The above quoted statutes provide the manner and method by which counties may establish and finance county parks, either independently or in cooperation with the cities. It is a well recognized principle of law that where the Legislature prescribes a definite, certain and fixed method of procedure for a city or county to follow in the execution of its governmental functions other methods are by implication of law excluded. Foster vs. City of Waco, 255 SW 1104 (Sup. Ct.).

It is, therefore, our considered opinion that a commissioners' court does not have authority to make expenditures from the permanent improvement fund for the purpose of improving county parks, in the absence of a compliance with one of the above quoted articles. Since neither of these statutes were complied with, it naturally follows that you cannot legally approve the warrants authorized by the commissioners' court to be drawn on said permanent improvement fund in payment of the costs of the contemplated improvements.

Very truly yours

ATTORNEY GENERAL OF TEXAS

By Lloyd Armstrong
Lloyd Armstrong
Assistant

LA:AW

APPROVED APR 27, 1940

Gerald C. Mann
ATTORNEY GENERAL OF TEXAS

APPROVED OPINION COMMITTEE BY BWB CHAIRMAN